IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00995-GPG

ERIC L. CARREE,

    Plaintiff,

v.

STATE OF COLORADO, DEP'T OF HUMAN SERVICES, DIV. OF VOC. REHAB.,

    Defendant.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE

---

    Plaintiff, Eric. L. Carree, resides in Denver, Colorado.  Mr. Carree has filed, *pro se*, an (amended) Title VII Complaint (ECF No. 10).[1]

    Mr. Carree has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

    The Court must construe the Title VII Complaint liberally because Mr. Carree is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

---

[1] The Complaint was "amended" insofar as it was filed on the court-approved Title VII Complaint form, pursuant to an Order Directing the Plaintiff to Cure Deficiencies, issued by Magistrate Judge Gordon P. Gallagher on May 12, 2015. (ECF No. 4).

be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed, in part.

## I. Allegations of Title VII Complaint

Mr. Carree alleges in the (amended) Title VII Complaint that he is African-American. He states that Defendant, State of Colorado, Department of Human Services, Division of Vocational Rehabilitation (hereinafter "DVR) accepted his application for services in July 2010 and characterized him as a person with significant disabilities. Beginning in November 2011, Plaintiff met with DVR agents and employees with the goal of setting up a hotdog cart business. DVR approved Mr. Carree's business plan in December 2012. He thereafter purchased a hotdog cart and operating equipment, and also obtained the necessary permits and license. However, DVR told Plaintiff in February 2014 that he would need to submit an amended business plan. According to Mr. Carree, DVR has intentionally delayed services designed to provide him with employment and has treated him differently from a non-African American because of his race or color, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* Mr. Carree also asserts claims of race discrimination under 42 U.S.C. §§ 1981 and 1983. He seeks back and front pay, as well as compensatory damages.

## II. Eleventh Amendment immunity

Mr. Carree's § 1981 and § 1983 claims against the Defendant, a Colorado state agency, are barred by the Eleventh Amendment.

Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007).

*See also Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 (1984). Congress did not abrogate Eleventh Amendment immunity when it enacted §§ 1981 and 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979) (§ 1983); *Ellis v. Univ. of Kansas Medical Center*, 163 F.3d 1186, 1195-96 (10th Cir. 1998) (§§ 1981 and 1983). And, Plaintiff does not allege that Colorado has waived its Eleventh Amendment immunity in this case. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

Therefore, the 42 U.S.C. §§ 1981 and 1983 claims will be dismissed based on Eleventh Amendment immunity. The dismissal will be without prejudice. *See Shue v. Lambert*, No. 14-8042, 580 F. App'x 642, 644 (10th Cir. Sept. 4, 2014) (unpublished) (citing *Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013)).

By contrast, the Eleventh Amendment does not immunize state agencies from suit under Title VII, which was enacted to enforce the Fourteenth Amendment. *See Pettigrew*, 722 F.3d at 1213 (10th Cir. 2013) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 449 n.2 (1976)); *see also* 42 U.S.C. § 2000e(a) (defining the term "person" to include "governments" and "governmental agencies").

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court finds that Plaintiff's Title VII claim is not subject to summary dismissal.

### III.  Orders

For the reasons discussed above, it is

ORDERED that the 42 U.S.C. §§ 1981 and 1983 claims are DISMISSED WITHOUT PREJUDICE as barred by the Eleventh Amendment. It is

FURTHER ORDERED that the Title VII claim shall be drawn to a presiding judge

and, if appropriate, to a magistrate judge.  *See* D.C.COLO.LCivR. 8.1(c);

D.C.COLO.LCivR. 40.1(a).

DATED June 18, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court