IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–00995–WJM–KMT

ERIC L. CARREE,

    Plaintiff,

v.

STATE OF COLORADO, DEPT. OF HUMAN SERVICES, DIV. OF VOC. REHAB.,

    Defendant.

## ORDER

This matter is before the court on "Defendant's Motion to Vacate Scheduling Conference and Stay Discovery and Disclosures Pending Ruling on Defendant's Motion to Dismiss" (Doc. No. 29, filed September 9, 2015). Plaintiff did not file a response.

In its Motion to Stay, Defendant seeks to stay disclosures and discovery in this matter until a ruling is issued as to its motion to dismiss (Doc. No. 22). The motion to dismiss asserts Plaintiff's Title VII claim should should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) because Plaintiff and Defendant were not engaged in an employee/employer relationship that would subject Defendant to Title VII liability. (*See id.*)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Although the stay of proceedings in a case is generally disfavored, the court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07–cv–00267–EWN–MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String*

*Cheese Incident*, 2006 WL 894955, at *2 (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); *Vivid Techs., Inc. v. Am. Scl. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

The court acknowledges that Plaintiff has an interest in proceeding expeditiously with this matter; however, Plaintiff apparently does not oppose the stay. Therefore, the first *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the second factor, the court finds that Defendant has not demonstrated that proceeding with the discovery process presents an undue burden. However, the court agrees that the proceedings will be wasteful if the motion to dismiss is granted. The court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is more convenient for the court to stay discovery until it is clear that the case will proceed. *See Chavous*, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). Accordingly, the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the court concludes that staying discovery pending resolution of Defendant's motion to dismiss is appropriate. Accordingly, it is

**ORDERED** that "Defendant's Motion to Vacate Scheduling Conference and Stay Discovery and Disclosures Pending Ruling on Defendant's Motion to Dismiss" (Doc. No. 29) is **GRANTED**. All proceedings in this matter are **STAYED** pending ruling on the motion to

dismiss.  The parties shall file a joint status report within ten days of ruling on the motion to dismiss to advise if a further scheduling conference should be set.

Dated this 21st day of September, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge