IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15–cv–00995–WJM–KMT

ERIC L. CARREE,

      Plaintiff,

v.

STATE OF COLORADO, DEPT. OF HUMAN SERVICES, DIV. OF VOC. REHAB.,

      Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on "Defendant's Motion to Dismiss" (Doc. No. 22 [Mot.], filed July 9, 2015). Plaintiff filed his response on September 2, 2015 (Doc. No. 27 [Resp.]), and Defendant filed its reply on September 19, 2015 (Dor. No. 32 [Reply]).

### STATEMENT OF THE CASE

Plaintiff, proceeding *pro se*, filed his case pursuant to Title VII of the Civil Rights Act of of 1964, 42 U.S.C. § 2000e-5, alleging race and color discrimination. (*See* Doc. No. 10 [Compl.].) Plaintiff claims on June 22, 2010, he applied for services through the defendant, the Division of Vocational Rehabilitation ("DVR"). (*Id.* at 11, ¶ 15.) Plaintiff states DVR "accepted him on July 20, 2010, and categorized him as being a person with 'most significant disabilities.' " (*Id.*) Beginning in November 2011, Plaintiff met with DVR agents and employees with the goal of setting up a hot dog cart business. (*Id.*, ¶¶ 17-19.) DVR approved

Plaintiff's business plan in December 2012. (*Id.* at 12, ¶ 26.) Plaintiff thereafter purchased a hot dog cart and operating equipment, and also obtained the necessary permits and license. (*Id.*, ¶¶ 27, 34, 36-38.) Plaintiff alleges he has experienced significant delays and problems with DVR in starting his hot dog cart business. (*See id.* at 12-14.) Plaintiff alleges DVR has intentionally delayed services designed to provide him with employment and has treated him differently from a non-African American because of his race or color. (*See id.* at 15.)

Defendant moves to dismiss Plaintiff's Complaint in its entirety. (Mot.)

## STANDARDS OF REVIEW

### A.   Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the

absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**B.     *Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

## ANALYSIS

Defendant moves to dismiss Plaintiff's claims against it because Plaintiff has failed to show he was employed by Defendant. (Mot. at 4-6.)

In order to establish a *prima facie* case under Title VII, Plaintiff must prove, among other things, that DVR was his employer. *Lockhard v. Pizza Hut*, 162 F.3d 1062, 1069 (10th Cir. 1988) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1361 (10th Cir.1993). Here, Plaintiff fails to allege that DVR was his employer. Rather, Plaintiff states that DVR provided services such as job counselors, paying for his dental work, and paying for the supplies needed for the hot dog cart. (Compl. at 12, ¶¶ 22, 27, and 32.) The court agrees with Defendant that Plaintiff's allegations show that he was <u>not</u> an employee. For instance, Plaintiff's Complaint asserts that DVR "excluded him from *participating in programs* designed to provide employment." (*Id.* at 11, ¶ 13 [emphasis added]). Plaintiff further asserts that he applied for DVR *services*. *Id.*, ¶ 15

[emphasis added].)  The Complaint articulates the numerous steps DVR requires of clients, including filling out an "entrepreneurial profile" to further his goals of becoming "a hot-dog cart owner/operator."  (*Id.* at ¶¶18-19.)   DVR ultimately helped Plaintiff develop a business plan for owning and operating a hot-dog cart.  (*Id.* at 12, ¶¶ 20-24.)  Plaintiff then alleges he "spent money on fees and permits to operate the hot-dog cart, obtained a license, sought insurance information, and passed a background check."  (*Id.* at 14, ¶ 51.)  In the Charge of Discrimination attached to Plaintiff's Complaint, Plaintiff alleges he "enrolled in [DVR's] program so that [he] could receive on-the-job training and *find employment*" and that DVR "delayed coordinating [his] employment program for years."  (*Id.* at 17 [emphasis added].)  Finally, in the documents attached to Plaintiff's Complaint and in Plaintiff's response to the Motion to Dismiss, Plaintiff states the DVR counselors failed to call him back to "finish funding [his] self employment" (*id.* at 18) and that he "[has] not worked the self-employment job that was approved by [the DVR's] committee or receive any vocational rehabilitation training" (Reply at 1).

Because Plaintiff has not shown he was employed by Defendant DVR, Plaintiff fails to establish a *prima facie* case, and his Title VII claims should be dismissed.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that "Defendant's Motion to Dismiss" (Doc. No. 22) be **GRANTED** with prejudice for failure to state a claim upon which relief can be granted.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections). *But see Morales-*

*Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

Dated this 5th day of February, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge